IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SARA H.[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Civ. No. 2:23-cv-649-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Sara H. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for supplemental security income benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c) For the reasons provided below, the Commissioner's decision is REVERSED and the REMANDED for immediate award of benefits.

**STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

2 - Opinion and Order

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## BACKGROUND

**Plaintiff's Application and First Appeal**

On September 12, 2018, Plaintiff protectively filed an application for supplemental security income, alleging disability beginning on November 23, 2015. Tr. 14. The claim was denied initially and on reconsideration. Tr. 58, 70. Plaintiff's claims were denied by an administrative law judge ("ALJ") on February 19, 2020. Tr. 25. Plaintiff timely appealed the ALJ's decision to the district court. Plaintiff then filed a subsequent SSI claim on October 19, 2020, alleging disability as of December 1, 2014. Tr. 927. On May 12, 2022, this Court remanded the ALJ's decision on Plaintiff's first claim for further proceedings. Tr. 752.

In his first decision, the ALJ discounted Plaintiff's mental health symptom testimony. Tr. 760-62. The ALJ also rejected the medical opinions of Jarod Fitzgerald, Ph.D., and Kimberly Wheeler, Ph.D., both of whom opined limitations that exceeded the RFC limitations. Tr. 763-67. This Court concluded the medical opinions and symptom testimony had been improperly rejected and instructed the ALJ on remand to credit the opinions of Drs. Fitzgerald and Wheeler, and to credit Plaintiff's subjective mental limitations. Tr. 769. Additionally, the ALJ was ordered to reconsider the other medical evidence in light of the newly credited evidence, including the

medical opinions of Drs. Maly, Kopp, and Nisbet, and re-formulate the RFC accordingly. Tr. 769.

On August 18, 2022, the Appeals Council remanded Plaintiff's first claim to the ALJ to conduct further proceedings consistent with this Court's orders. Tr. 771-75. The Appeals Council instructed the ALJ to consolidate the subsequent SSI claim filed in October 2020, with Plaintiff's existing claim, associate the evidence, and issue a new decision based on the consolidated claims. Tr. 773, 927.

**Plaintiff's Second Appeal**

The ALJ conducted another hearing on February 13, 2023. Tr. 692-720. At that hearing, Plaintiff amended her alleged onset date to September 12, 2018. Tr. 698. Plaintiff's claims were denied for the second time on March 3, 2023. Tr. 681. In his second decision, the ALJ again failed to fully credit Plaintiff's testimony and the medical opinions of Drs. Fitzgerald and Wheeler. Tr. 672, 676-77. Plaintiff again sought review of the Commissioner's decision before this Court.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. § 416.920(a)(4). The five-step sequential process asks the following series of questions:

4 - Opinion and Order

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. § 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(v); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the

5 - Opinion and Order

Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. § 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS ON REMAND

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since September 12, 2018. Tr. 666. At step two, the ALJ determined that Plaintiff has the severe impairments of major depressive disorder, generalized anxiety disorder, posttraumatic stress disorder (PTSD), borderline intellectual functioning, degenerative joint disease of the bilateral knees, and obesity. Tr. 666. At step three, the ALJ concluded that Plaintiff does not have an impairment that meets or equals a listed impairment. Tr. 668. The ALJ found that Plaintiff had the RFC to perform light work, but applied both exertional and non-exertional limitations:

> [she can frequently climb ladders, ropes, scaffolds, ramps, and stairs; she cannot be exposed to vibration or hazards such as unprotected heights and moving mechanical parts; she is limited to simple, routine, repetitive tasks consistent with GED reasoning, language, and math levels of 2 or less; she needs to learn by demonstration and would need up to frequent assistance during the second week, to check her work and ensure she understands her duties; she can have only superficial contact with the public; she needs a routine, predictable work environment with clear, employer-set goals, no more than simple decision-making, and no more than occasional changes; she cannot have management responsibilities; and she would be absent approximately 6-8 days per year because of her impairments.

6 - Opinion and Order

Tr. 671. At step four, the ALJ determined that Plaintiff does not have any past relevant work. Tr. 680. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs exist in the national economy such that Plaintiff could sustain employment despite her impairments. Tr. 680. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 681.

## DISCUSSION

Plaintiff argues the ALJ committed multiple errors, including failing to comply with the court's order to credit the medical opinions of Drs. Fitzgerald, and Wheeler, and Plaintiff's subjective testimony, and failing to properly evaluate the medical opinion evidence from Dr. Maly, the agency consultants, and Dr. Kollross. Pl. Br. at 2. Plaintiff asserts that the appropriate remedy is remand for payment of benefits.

The Commissioner concedes the ALJ erred, and that remand is appropriate, but argues that the case should be remanded for further proceedings. Thus, the only issue before the Court is whether to remand for further proceedings or for the payment of benefits.

### A. Standards in Considering Remand for Benefits or Further Proceedings

Whether to remand for further proceedings or for an award of benefits is within the Court's discretion under 42 U.S.C. § 405(g). *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional proceedings, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1100 (9th Cir. 2014). Remand for an award of benefits is appropriate when "no useful purpose would be served by further administrative proceedings and when the record has been fully developed." *Id.* at 1100.

7 - Opinion and Order

### B. Analysis

Plaintiff advanced the following arguments and assignments of error: (1) the ALJ erred in failing to comply with the Court's order to credit Dr. Fitzgerald's opinion in violation of both the rule of mandate and law of the case doctrine; (2) the ALJ erred in failing to comply with the court's order to credit Dr. Wheeler's opinion in violation of both the rule of mandate and law of the case doctrine; (3) the ALJ erred in failing to comply with the Court's order to credit Plaintiff's subjective mental limitations in violation of both the rule of mandate and law of the case doctrine; (4) the ALJ erred in rejecting the two opinions of treating physician, Dr. Maly; (5) the ALJ misinterpreted the opinion of Dr. Kollross; and (6) the ALJ erroneously relied on the opinions of non-examining agency consultants. Pl. Br. at 10-32; Pl. Repl. Br. at 6.

The Commissioner conceded that the ALJ erred in his decision because it was unsupported by substantial evidence. Def. Br. at 1. The Commissioner, however, did not identify what errors the ALJ's committed. Nor did the Commissioner directly address any of the specific errors Plaintiff alleged in her brief. Instead, the Commissioner argued that "evidentiary conflicts generate outstanding issues that preclude a judicial finding of disability." Def. Br. at 7. The Commissioner argued that conflicts between medical opinions require further proceedings for resolution. Def. Br. at 8. But the Commissioner failed to acknowledge this Court's prior remand order to the ALJ to credit the medical opinions of Drs. Fitzgerald and Wheeler, and to credit Plaintiff's subjective mental symptoms. *See* Tr. 769. Moreover, the Commissioner advanced for the first time an argument that further development of the record is necessary because later-received evidence might show that Plaintiff's disability may have "eventually lessened to a point where she could work at some capacity." Def. Br. at 10.

In failing to respond to the merits of Plaintiff's claims, the Commissioner has waived those issues. *See Meaghan M. v. Comm'r Soc. Sec. Admin*, 2023 SL 3816415, at *4 ("This Court

8 - Opinion and Order

is not required to independently review and assess Plaintiff's arguments where the Commissioner has not done so on review"). The Commissioner states that he "denies any argument not specifically addressed but avers that on remand Plaintiff will be given the opportunity to present her case." Def. Br. at 5. This, however, is not a legally sufficient response to preserve the Commissioner's arguments on appeal. *See Jeffrey C. v. Kijakazi*, 2023 WL 4760603, at *3 (D. Or. July 26, 2023) (conclusory statement that the Commissioner denies any arguments not specifically addressed is insufficient to preserve arguments for appeal); *Meaghan M.*, 2023 WL 3816415, at *3-4 ("It is not legally sufficient for the Commissioner to simply aver that he 'denies any arguments not specifically addressed.'") (citations omitted). The Commissioner bears the burden to defend the decision below; failing to address the merits of Plaintiff's arguments precludes the possibility of contesting those arguments in the future. *Johnny T. v. Berryhill*, 2019 WL 2866841, at *3 (D. Or. July 2, 2019). Therefore, consistent with the Commissioner's concessions, this Court finds that the ALJ erred as Plaintiff has alleged. *See Johnny T.*, 2019 WL 2866841, at *2-3 ("[T]he Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues.") (citations omitted); *see also Krista B. v. Comm'r of Soc. Sec. Admin.*, 2021 WL 5235969, at *4 (D. Or. Nov. 10, 2021) (holding that the court will not "independently review and assess [p]laintiff's arguments where the Commissioner has not done so on review").

Finally, the Commissioner's speculative statements that further proceedings are necessary because Plaintiff's symptoms may have lessened over time amounts to *post hoc* reasoning that the Court is not permitted to consider. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (we review the ALJ's decision "based on the reasoning and findings offered

9 - Opinion and Order

by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking").

### C. Credit-as-true analysis

A court must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). The "credit-as-true" doctrine is settled law in the Ninth Circuit. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The Ninth Circuit has a three-step procedure to determine whether improperly discredited evidence should be credited as true. First, the court must determine that the ALJ made a harmful legal error, such as failing to provide legally sufficient reasons for rejecting evidence. *Treichler*, 775 F.3d at 1101. If such an error exists, the court must next review the administrative record to determine whether it has been fully developed, and further proceedings would serve no useful purpose. *Id.* If the record is fully developed, the court must then consider if the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant is disabled on remand. *Garrison*, 759 F.3d at 1020.

The Court finds that the credit-as-true standard is met here. That the ALJ committed harmful legal error is in this case in undisputed. Furthermore, the errors alleged by Plaintiff and accepted by this Court resolve any dispositive questions as to gaps or conflicts in the medical opinion. Even if the Court was to accept that conflicts in the medical record remain after Plaintiff's allegations of error have been resolved in her favor, that would not render the record incomplete. *See Jeffrey C.*, 2023 WL 4760603, at *6 (stating conflicting medical opinions are not the dispositive question in a credit-as-true analysis); *see also Dollene C. v. Kijakazi*, 2023 WL 4488162, at *4-5 (D. Or. July 12, 2023) (rejecting the argument that "divided" medical opinions

10 - Opinion and Order

require remand proceedings where the Court "specifically finds that further proceedings would serve no useful purpose here because [one physician's] opinion alone requires a finding of disability"). The record is fully developed; adding yet another medical opinion, another hearing, another VE opinion, etc., to the record as the Commissioner proposed will not add value to the process– only further delay its conclusion. Moreover, additional proceedings are not necessary because Plaintiff has made her prima facie case by meeting her burden at steps one through four of the sequential analysis. The Commissioner has failed to meet his burden twice. *See Rustamova v. Colvin*, 111 F.Supp. 3d 1156, 1164-65 (D. Or. 2015) (finding no additional proceedings necessary where the plaintiff had met her burden at steps one through four and the Commissioner had twice failed to meet her burden (citing *Tackett*, 180 F.3d at 1100)).

Finally, the Court concludes that an ALJ would be required to find Plaintiff disabled based on properly crediting any one of the discredited medical opinions. The VE's testimony demonstrates that the limitations opined by Dr. Fitzgerald (that Plaintiff would need frequent follow up and supervisions), Dr. Wheeler (that Plaintiff would need extensive supervision), and Dr. Maly (that Plaintiff would likely be off-task more than twenty-five percent of the workday), preclude Plaintiff from competitive employment. Tr. 711-18, 294-95, 302, 305, 357, 714).

In sum, the record is fully developed and remand for further proceedings would serve no useful purpose. Moreover, because the Commissioner has twice failed to meet his burden under 20 C.F.R § 416.920, and because under the credit-as-true doctrine, Plaintiff is disabled, the Court concludes that a remand for benefits is appropriate.

//

//

//

11 - Opinion and Order

## ORDER

The the decision of the Commissioner is REVERSED and REMANDED for the immediate award of benefits.

It is so ORDERED and DATED this 20 day of JUNE, 2024.

MARK D. CLARKE
United States Magistrate Judge